**Kewal SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71176.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Dec. 22, 2008.

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Marshall Tamor Golding, Esquire, Samia Naseem, Office Of Immigration Litigation, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, McKEOWN and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Kewal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) order adopting and affirming the Immigration Judge's (IJ) order denying Singh's request for (1) asylum, (2) withholding of removal, and (3) relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, we deny the petition for review. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002).

The IJ found that Singh's testimony was not credible because Singh was unresponsive to several particular questions. *See*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Singh v. Ashcroft,* 301 F.3d 1109, 1114 (9th Cir.2002) (an IJ's adverse credibility determination may be based on unresponsiveness). Among the unresponsive and/or inconsistent parts of Singh's testimony, the IJ specifically noted Singh's (1) detailing the dates of his alleged arrests in his application, but failing to remember them while testifying, (2) testimony that he was arrested as a result of his demonstrations and thereafter acknowledging that the arrests were for the suspected harboring militants and/or hiding weapons at his rice paddy, (3) police record in the United States and the fact that he had been arrested and fingerprinted by the FBI despite his testimony to the contrary, and (4) his failure to provide readily-available corroborative evidence of his alleged injury. Because substantial evidence supports the IJ's adverse credibility finding, we uphold the denial of asylum for his failure to show past persecution or a well-founded fear of future persecution. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) ("We must defer to the IJ's credibility findings and uphold the denial of asylum relief.").

Because Singh cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to a withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Because Singh's CAT claim is based upon the same testimony as his asylum claim, and no other evidence has been presented that supports his claim, his CAT claim also fails. *See Farah,* 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**